## FAGAN v. WHITMORE.

(Court of Appeals of District of Columbia. Submitted January 11, 1927. Decided March 7, 1927. Petition for Rehearing Denied March 26, 1927.)

No. 1892.

Patents ⬱90(5)—Junior party to interference proceeding, involving machine making stems for incandescent lamps, held not to have shown diligence entitling him to priority.

Junior party to interference proceeding, involving machine for making the stems which enter into the construction of tipless incandescent lamps, *held* not to have shown diligence in reduction to practice, and hence not entitled to priority.

Appeal from the Commissioner of Patents.

Interference proceeding between John T. Fagan and James B. Whitmore. From a decision of the Commissioner of Patents for the latter, the former appeals. Reversed.

J. F. Ebert, of Bloomfield, N. J., for appellant.

A. D. Lunt, of Schenectady, N. Y., and J. M. Anderson, of Cleveland, Ohio, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an interference proceeding; the invention being a machine for making the stems which enter into the construction of tipless incandescent lamps. The issue is made up of four counts, of which the following are illustrative, to wit:

"1. A machine for assembling and uniting work parts to form a stem for incandescent lamps, comprising a plurality of pairs of jaws adapted to move in horizontal planes and means for sequentially actuating each pair of jaws to receive the work parts in the order of their assembly."

"3. In apparatus for assembling and consolidating work blanks, consisting of an arbor, a flare tube, and a constricted tube to form stems for incandescent lamps, the combination of a plurality of work blank supporting clamps, each of the said clamps comprising two opposing jaws arranged to swing in horizontal planes and about independent axes, an actuating lever for operating said jaws to receive and support the blanks, means for applying heat locally to the assembled parts, and means for directing a current of air through the constructed tube, when in an incandescent state, to puncture the wall thereof and provide a communication for exhaust purposes.

The appellant, Fagan, is the senior party; his application for patent being filed on July 29, 1920. He claimed conception of the invention and disclosure to others in the month of February, 1919, and alleged that drawings were made during the months of February and May, 1919. He claimed actual reduction to practice on or about August 1, 1919, and alleged that a number of other machines embodying the invention were constructed since that time and the date of filing.

The claim of the appellee, Whitmore, was first presented in a joint application for patent filed by Whitmore and Ferguson on February 3, 1921. In the joint application, conception was alleged on or about April 25, 1919, with drawings and disclosures and reduction to practice by the construction of a full-size machine on May 8, 1919, which was successfully operated on May 10, 1919.

Afterwards, to wit, on April 8, 1924, the present sole application of Whitmore was filed by permission as a substitute for the former joint application of Whitmore and Ferguson, and was given the same filing date as that application. In the present application, Whitmore alleges conception in the month of January, 1919, drawings in January and February, 1919, a completed full-size device in February, 1919, and a successfully operated machine by March 1, 1919.

The Examiner of Interferences held, upon the evidence, that Whitmore's date for conception should be taken as in March, 1919, and that he had partly constructed his device by March 24, 1919, but that he had failed to diligently engage in reducing it to practice between that time and July 29, 1920, the record date of Fagan's filing, as well as from that date until February 3, 1921, which was Whitmore's filing date. The Examiner found that during this period Whitmore's device was allowed to remain in an inchoate or incomplete condition in the experimental laboratory, and for this reason it was held that Whitmore could not prevail. Priority was accordingly awarded to Fagan, the senior party.

An appeal was taken by Whitmore to the Examiners in Chief, who sustained the conclusion and decision of the Examiner of Interferences. Thereupon Whitmore appealed to the Commissioner of Patents, who held upon the evidence that Whitmore had not failed in point of diligence, as found by the lower tribunals, and that his machine had not remained incomplete at the decisive time in question, but had been fully completed as a reduction to practice as claimed by him. The

Commissioner, therefore, reversed the decision of the board and awarded priority to Whitmore. Whereupon the present appeal was taken by Fagan.

The controlling question in the case, accordingly, relates to Whitmore's diligence in respect to reduction to practice, and the extent to which his machine had been developed at the time of Fagan's filing. The record contains the testimony submitted by the respective parties, and this is fully discussed in the opinions written by the lower tribunals. We shall not repeat the references to the testimony found in these opinions, but will content ourselves with saying that from a review of the evidence we are of the opinion that Whitmore failed to show due diligence in developing his machine, and in fact allowed the same to remain indefinitely in an incomplete condition until after Fagan had filed.

We therefore agree with the decisions of the Examiner of Interference and the Examiners in Chief, and reverse the decision of the Commissioner of Patents.